**MEMO ENDORSED**

# THE MORTNER LAW OFFICE, P.C.

40 Broad Street
5th Floor
New York, NY 10004

Richard M. Mortner, Esq.
Email: rmm@mortnerlaw.com

Tel.: 212-480-2181
Fax: 646-304-9169



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

RECEIVED
APR -4 2008
JUDGE KAPLAN'S CHAMBERS

March 17, 2008

Hon. Lewis A. Kaplan, USDJ
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, NY 10007

    Re:    **Tanz v. Kasakove et al, CASE #: 1:08-cv-01462-LAK**

Dear Judge Kaplan:

I represent the Plaintiff in the above-referenced action. I herein move to vacate the Court's Order of Dismissal of March 5, 2008, which the Court affirmed in the Endorsement of this date affixed to my letter of March 6, 2008. (*See* ECF Docket Entry No. 4.)

It is not without chagrin that I respectfully request the Court to now accept the Second Amended Complaint, annexed hereto, in this case, *nunc pro tunc*, and to vacate the Order of Dismissal.

Indeed, the Court properly dismissed the prior Complaint and rejected the Amended Complaint, because the citizenship of the corporate defendant, Markas Financial Services, Inc., was improperly alleged in those pleadings. Those pleading only alleged that the corporation's principal place of business as being located in a state (New Jersey) different from the state of plaintiff's citizenship (New York). However, they failed to allege the corporate defendant's state of incorporation.

Counsel, previously neglected to note that the statute, 28 U.S.C. §1332, by using the conjunctive "and," gives *dual*, not alternative, citizenship to a corporation whose principal place of business is located in a state different from the state of its incorporation. (*See* In re Balfour MacLaine Intern. Ltd., 85 F.3d 68 (2d Cir. 1996)) Thus, the statute treats a corporation as a citizen of both: (1) the state of its incorporation; and (2) the state where it has its principal place of business, if different from its state of incorporation.

In the prior pleadings, by failing to allege that, upon information and belief, the defendant corporation is incorporated in the State of New Jersey -- as the Second Amended Complaint now alleges -- the possibility existed on the face of those prior pleadings that the corporate defendant

*Granted.*

_____
LEWIS A. KAPLAN, USDJ

Hon. Lewis A. Kaplan, USDJ
March 17, 2008
Page 2

may be incorporated in New York, which would give that corporate defendant dual citizenship (New York and New Jersey), and thereby defeat the plaintiff's assertion of diversity jurisdiction.

In fact, public records indicate (see attached) that Markas Financial Services, Inc. is incorporated in New Jersey, which the Second Amended Complaint now alleges.

Accordingly, I respectfully request that the Second Amended Complaint be accepted by the Court and that Order of Dismissal be vacated so that this action may be restored.

Respectfully submitted,

Richard M. Mortner (RM-0019)

Att.