USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 7/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
PHYLISS TANZ,

Plaintiff,

-against-

08 Civ. 1462 (LAK)

EUGENE KASAKOVE, et ano.,

Defendants.
------------------------------------------ x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

Plaintiff claims that she entrusted her financial affairs to defendant Kasakove and his firm and seeks damages for his alleged mismanagement. The second amended complaint asserts claims for breach of fiduciary duty and intentional infliction of emotional distress. Defendants move to dismiss, arguing that the first claim for relief is time-barred and that the second fails to state a claim upon which relief may be granted.[1]

*The Statute of Limitations*

Plaintiff tacitly agrees that the prescriptive period with respect to the first claim for relief is three years, that the claim accrued no later than 2001, and that it is barred by the statute of limitations unless the complaint sufficiently alleges that defendants are equitably estopped to assert the limitations defense.

This is a diversity action. The Court therefore is obliged to apply New York law, including New York's law with respect to the statute of limitations and any ameliorative doctrines such as equitable estoppel.

The New York Court of Appeals long ago wrote that New York "courts have long had the power, both at law and equity, to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant's affirmative wrongdoing - a carefully concealed crime here

1

The Court declines to consider any of the materials outside the pleading. They would be considered more appropriately on a motion for summary judgment in the event the action proceeds to that point.

- which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *General Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 128 (1966). But the doctrine is very narrow. "It is . . . fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006). Even non-disclosure by a fiduciary is insufficient absent a demonstration that the fiduciary's actions kept the plaintiff from suing. *Id.* at 675-76. Indeed, the availability of equitable estoppel as a means of avoiding the bar of the statute of limitations is so narrow that one commentator has written that a diligent plaintiff "is better off assuming that the doctrine does not exist." DAVID D. SIEGEL, NEW YORK PRACTICE § 56, at 75 (3d ed. 1999).

In this case, the complaint alleges that Kasakove told plaintiff during the period 2001 through 2006 that she should not worry about her finances and that he would continue to provide her with adequate income from her investment in a company in which he was interested. Cpt ¶ 34. In December 2006, however, he is said to have told her that he no longer would provide that income, at which point plaintiff realized that his previous assurances "were intended to lull her into failing to commence an action against [him] for mismanagement of her finances." *Id.* ¶ 36. The complaint offers no explanation for plaintiff's failure to commence suit between December 2006 and the institution of this action in February 2008.

Even assuming that the complaint adequately alleges the existence of a fiduciary relationship and the material non-disclosure by Kasakove of his own alleged mismanagement, the complaint fails adequately to allege that Kasakove's actions kept plaintiff from timely bringing suit or that she acted with sufficient alacrity after admittedly discovering the facts in December 2006. This claim therefore must be dismissed. Moreover, it is questionable whether plaintiff would have been justified in blindly going forward, spending large sums of money, without even taking such obvious steps as looking at her bank and other statements, which readily would have disclosed that she was spending her principal. Thus, it is doubtful that plaintiff can allege sufficiently that defendants are estopped to assert the statute. Nevertheless, she will be afforded an opportunity to do so.

*Intentional Infliction of Emotional Distress*

"The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).

This complaint alleges only, in most conclusory terms, that Kasakove in the period 2003 to 2006 demonstrated "fierce anger" and engaged in an entirely unspecified "campaign of intimidation." Cpt. ¶¶ 73-74. It does not allege an intent to cause severe emotional distress. Accordingly, neither of the first two elements is satisfied.

*Conclusion*

Defendants' motion to dismiss the second amended complaint is granted. Plaintiff may file, on or before July 17, 2008, a third amended complaint repleading only the equitable estoppel allegations pertinent to the first claim for relief.

SO ORDERED.

Dated: July 3, 2008

Lewis A. Kaplan
United States District Judge